727 So.2d 983 (1999)
Samantha ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3112.
District Court of Appeal of Florida, Fifth District.
January 22, 1999.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
Samantha Adams was convicted of perjury by contradictory statement[1] after filing a false affidavit in a domestic violence action against her husband. She appeals her conviction, contending the trial court erred in not granting her motion for judgment of acquittal because 1) the evidence established that she did not sign the affidavit under oath, and 2) her defense of recantation was established as a matter of law. We affirm finding neither argument to possess merit, but write to emphasize that criminal consequences attach to the false swearing of complaints, even where the affiant might have been motivated by the desire to benefit the person against whom the complaint was sworn.
In Markey v. State, 47 Fla. 38, 37 So. 53 (1904), our supreme court held that it is essential that the statement relied on as constituting perjury be made under oath. The court then went on to explain what was contemplated by an oath. The evidence submitted at trial was sufficient to establish a prima facie case for perjury under Markey and thus properly withstood a motion for judgment of acquittal.
In her second argument, Ms. Adams contends that she established the defense of recantation and therefore she was entitled to receive a judgment of acquittal. She points *984 out that after she gave the false sworn statement in support of her petition for a domestic violence injunction, she attempted to recant her allegations "through communications with various individuals in the Office of the State Attorney." Ms. Adams wrote a letter to the prosecutor and the trial court seeking to have the injunction dissolved, but her effort was ignored. Thereafter, she signed an affidavit in which she contradicted her sworn statement in the petition for protection against domestic violence.[2] Ms. Adams asserts that her acts established the defense of recantation pursuant to the requirements of Carter v. State, 384 So.2d 1255 (Fla.1980).
In Carter, the supreme court recognized the common law defense of recantation and provided for its narrow application, writing that in order for the defense to be available to a witness who has given false testimony it must be shown that 1) the witness promptly and voluntarily corrected the false testimony, 2) the witness gained nothing by giving the false statement, 3) no one was prejudiced as a result of the false statement, and 4) the proceedings were not affected by the false testimony. In 1990, ten years after the Carter decision, the Legislature enacted section 837.07, which provides:
837.07. Recantation as a defense.-
Recantation shall be a defense to any prosecution for perjury or false statement only if the person making the false statement admits such statement to be false in the same continuous proceeding or matter, and:
(1) The false statement has not substantially affected the proceeding; or
(2) Such admission is made before it has become manifest that such false statement has been or will be exposed.
§ 837.07, Fla. Stat. (1997); Ch. 90-126, § 1, Laws of Fla. Regardless of form, the recantation defense was not raised during Ms. Adam's trial and thus cannot be raised for the first time on appeal. See § 924.051(3), Fla. Stat. (1997).
Moreover, even if the defense had been advanced below, Ms. Adams' argument is without merit. Ms. Adams has not admitted that her statement was false, nor has she established that it was given in the same continuous proceeding or matter. The proceeding in which she asserted the recantation was not the proceeding against her husband for injunction against domestic violence, but instead a criminal prosecution against her husband for violating the injunction and for the commission of other crimes.[3] Additionally, she never recanted the statement made in the domestic violence injunction proceeding. In fact, she testified that her affidavit was not an attempt to withdraw from or recant the earlier sworn statement. Ms. Adams was accordingly properly convicted of perjury by contradictory statement.
JUDGMENT AND SENTENCE AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] § 837.021, Fla. Stat. (1997).
[2] Interestingly, this subsequent affidavit was prepared by the attorney representing her husband for use in defending against the husband's prosecution for violating the domestic violence injunction, aggravated stalking, and tampering with a witness. Ms. Adams stated in her second affidavit that she had gone to the State Attorney's office to get help for her husband, but once she there had been pressured into making the false statement contained in the domestic violence petition. She wrote that an employee of the Clerk of Court had coached her in the preparation of the statement.
[3] The charges against her husband were dismissed after Ms. Adams' affidavit was offered.